UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MARIO TORO, | ) | CASE NO.  4:12 CV2462 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) |  AND ORDER |
| WARDEN PUGH, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is *pro se* Plaintiff Mario Toro's above-captioned *in forma pauperis* Complaint naming Warden Pugh, Health Services Administrator Hivner, Northeast Ohio Correctional Center ("NEOCC"), Corrections Corporation of America ("CCA") and the Federal Bureau of Prisons as Defendants.  Mr. Toro asserts this Court's jurisdiction pursuant to 42 U.S.C. § 1983 as a *Bivens* claim based on cruel and unusual punishment in violation of the Eighth Amendment.[1]  He has also filed a Motion for Notice of Filing (Doc. No. 3) advising the Court that

---

[1] In *Bivens*, the Supreme Court recognized in the United States Constitution itself an implicit damages cause of action against individual federal officials for violations of constitutional rights. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

he has still not received the dental treatment he requested. Mr. Toro seeks injunctive relief to prevent the defendants from removing his front loose tooth and asks permission to pay for the services of a third party dental provider to create a bridge for his tooth. For the reasons set forth below, the Complaint if dismissed.

*Background*

In 2001, Mr. Toro was indicted in the United States District Court for the Southern District of New York. *See United States v. Toro*, No. 1:01cr01133 (S.D. NY Dec. 4, 2001). After pleading guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846, the court sentenced him to serve 168 months in prison. He is scheduled for release on or about June 10, 2014. *See* www.bop.gov/inloc

On February 21, 2012, Mr. Toro sent an Inmate Request to Warden Pugh in follow up to an earlier conversation in the dining hall at N.E.O.C.C. The Request detailed his concern over a loose front tooth for which he sought a replacement bridge and the fact that a request he sent to the Medical Supervisor, two weeks earlier, was still unanswered. Warden Pugh explained to Mr. Toro that N.E.O.C.C. did not provide replacement bridge work at its facility.

Mr. Toro chose to appeal the warden's response and filed an Informal Resolution with N.E.O.C.C. prison staff on March 13, 2012. The staff advised him he did not qualify for a tooth extraction and they would not guarantee replacement of the tooth because Mr. Toro did not meet the criteria. The staff's response also included a history of N.E.O.C.C.'s examination of Mr. Toro's loose tooth, as follows:

    4-3-08       *#9 class II mobility recommended prophy due to perio*

    9-17-08       *scale & polish i/m aware of periodontal disease*

> 12-2-10     *eval #9 class II mobile inmate informed at this time root fracture tooth will need extracted nothing more can be done to salvage.  I/m understand want to trj and wait until release to extract*
>
> 2-9-12     *i/m seen at s.c. same issue explained i/m does not meet criteria for partial*

The Clinical Supervisor reminded Mr. Toro that N.E.O.C.C.'s dentist concluded that the loose tooth was "not restorable" and recommended extraction.  Although Mr. Toro refused the recommended extraction, the Supervisor advised him to report to Open Dental Sick Call on Mondays or Thursdays (9:30 and 10:30) if he wanted to be re-evaluated.  Mr. Toro does not disclose whether he exercised that option, but continued to appeal his administrative remedies which he fully exhausted.

To date, the N.E.O.C.C. has not agreed to allow Mr. Toro to pay a third party to provide a bridge and has restated the its inability to provide such a service.  Mr. Toro asserts that the defendants' decision amounts to a refusal to provide adequate medical care and is wantonly causing him to suffer pain.  Moreover, Mr. Toro believes the defendants' refusal to provide any alternative other than extraction reflects a deliberate indifference to his medical needs in violation of the Eighth Amendment.  He claims he has suffered physical pain for extended periods of time with "no prescriptive relief being offered beyond the recommendation of extraction, which would lead to further pain and suffering."  (Compl.at 4.)

Mr. Toro argues further that the defendants are violating his rights under the Equal Protection Clause.  Specifically, he claims that if he were a citizen of the United States, he believes he would be placed in a minimum security Federal Prison Camp, or Low Security facility operated by the Bureau of Prisons (BOP).  Instead, because he is a citizen of Colombia,

he avers it is BOP policy to place non-citizen inmates in non-BOP operated prisons. Mr. Toro claims his daughter verified that the BOP offers dental bridge replacement services at the facilities it operates. Therefore, if he were incarcerated at a BOP-run facility, as a opposed to the private facility where he is being confined, Mr. Toro believes he would be entitled to receive dental services N.E.O.C.C. is unable to provide. It is his conclusion that the privately run CCA facilities provide inferior medical, dental and optical care. Moreover, he claims non-citizens at N.E.O.C.C. are placed in a "'BOP' side, with different rules, regulations, and privileges than those afforded to the segregated U.S. Marshall's detainee's [sic], who are in a pre-trial status and are mostly United States citizens [and]. . . are afforded the rights and privileges which are not afforded to inmates in the non-citizen BOP segregated population." (Pet. at 7.)

### *Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court is required to dismiss a claim or action under 28 U.S.C. §1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, Mr. Toro's claims are dismissed pursuant to 28 U.S.C. §1915(e).

### *Failure to State a Claim*

---

[2] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

A. Eighth Amendment violations

Under the Eighth Amendment, any punishment that violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain" is prohibited. *Estelle v. Gamble*, 429 U.S. 97 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Eighth Amendment claims contain both an objective and a subjective component. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The objective factor requires the plaintiff to demonstrate he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347(1981); *see also Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson*, 501 U.S. at 298-99. Deliberate indifference reflects a reckless disregard of a substantial risk of serious harm and mere negligence will not suffice. *Id.* at 835-36. Therefore, where a plaintiff alleges medical malpractice or a negligent diagnosis and treatment he or she fails to state an Eighth Amendment claim of cruel and unusual punishment. *Estelle*, 429 U.S. at 106.

Based on the facts alleged in the Complaint, N.E.O.C.C. has not refused to treat Mr. Toro's medical needs. It is abundantly obvious that he does not agree with the recommendation to remove his loose tooth, but he cannot argue the defendants are denying him medical care or that they are disregarding his need for treatment. This is a clear case involving a dispute regarding the best course of treatment, not a denial of medical care in violation of the Eighth Amendment.

Even if Mr. Toro's claim did not fail on its face, he cannot hold CCA, N.E.O.C.C. or the

BOP liable in a *Bivens* action.  CCA, which owns and operates NEOCC, is a private corporation. Private corporations cannot be sued  for damages under *Bivens*.  *See Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70-74 (2001).  Further, *Bivens* only provides a cause of action against individual officers acting under color of federal law alleged to have acted unconstitutionally.  *Id*. at 70.  Therefore, a *Bivens* action cannot be brought against a federal agency, like the BOP, or the United States Government.  *Id.*  As the Supreme Court recently noted, a federal prisoner cannot seek damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here). Instead, the prisoner must seek a remedy under state tort law. *Minneci v. Pollard*,  132 S. Ct. 617, 626 (2012).

B.  Equal Protection Violation

To state an equal protection claim, a plaintiff first must allege he "has been intentionally treated differently from others similarly situated ...." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564(2000).  Persons who are "similarly situated" are those "who are in *all relevant respects* alike." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)(emphasis added).  Here, Mr. Toro alleges N.E.O.C.C. segregates non-U.S. citizen inmates from pre-trial detainees who are *generally* United States citizens.  He maintains the pre-trial detainees are "afforded the rights and privileges which are not afforded to inmates in the non-citizen BOP segregated population." (Compl. at 7.)   Therefore, the two classes at issue here are convicted prisoners compared to pretrial detainees.

The right to interfere with the personal liberty of pretrial detainees is much more limited than a state's interest in dealing with convicted prisoners.  In *Jones v. Wittenberg*, 323 F.Supp. 93 (N.D.Ohio 1971), *aff'd sub nom.*, *Jones v. Metzger*, 456 F.2d 854 (6th Cir. 1972), the court explained:

> . . . (detainees) are not to be subjected to any hardship except those absolutely requisite for the purpose of  confinement only, and they retain all the rights of an ordinary citizen except the right to go and come as they please. (Otherwise) their confinement . . . denies them the equal protection of the laws.

323 F.Supp. at 100. As a convicted prisoner, Mr. Toro is not entitled to the same rights and privileges as a pretrial detainee.  Therefore, because convicted prisoners are not "similarly situated" to pretrial detainees, Mr. Toro cannot advance an equal protection claim based on disparate treatment.  The Equal Protection Clause prohibits discrimination by the government which burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir.2005).  Mr. Toro has no fundamental right to a dental bridge in lieu of a tooth extraction, convicted prisoners are not a suspect class and he has not been treated differently than similarly situated inmates.  Thus, he has not stated any equal protection claim,

### *Conclusion*

Based on the foregoing, the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be

taken in good faith.[3]

        IT IS SO ORDERED.

                              /s/ John R. Adams

                              JOHN R. ADAMS
                              UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."